**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KLEYSSER SAMUEL HERRERA CASTRO,<br><br>             Petitioner,<br><br>      v.<br><br>JOSHUA JOHNSON, et al.,<br><br>             Respondents. | Case No. EDCV 26-1592 PVC<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE** |

**I.**

**INTRODUCTION**

On April 1, 2026, Petitioner Kleysser Samuel Herrera Castro ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention at the Adelanto ICE Processing Center in Adelanto, California.  (Dkt. No. 1 at 2.)  On April 9, 2026, Respondents filed a Response to Petition (the "Response").  (Dkt. No. 8.)  Also on April 11, 2026, Petitioner filed a Reply to the Response (the "Reply").  (Dkt. No. 9.)

The parties have consented to proceed before the undersigned U.S. Magistrate Judge for all purposes.  (Dkt. Nos. 4, 5, 6.)  For the reasons set forth below, the

Court GRANTS the Petition and orders Respondents to immediately release Petitioner from custody without conditions.

## II.

## FACTUAL BACKGROUND

The Court sets forth a summary of the relevant factual background based on the facts alleged in the Petition. Respondents had the opportunity to dispute the facts alleged in the Petition but declined to do so. (Dkt. No. 8.) Accordingly, the facts alleged in the Petition are undisputed and have been conceded by Respondents. See C.D. Cal. L.R. 7-12.

Petitioner is a noncitizen in pending removal proceedings and is charged with having entered the United States without inspection pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and being in the United States not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Dkt. No. 1 at 2.) Petitioner has been residing in the United States since November 3, 2022, when he was released on his own recognizance after encountering Customs and Border Protection. (*Id.*) He was notified that he would have to present himself for removal hearings in the future, but hearings were never scheduled. (*Id.*). Petitioner has committed no crimes and followed all ICE check-in dates as ordered. (*Id.*) Petitioner was apprehended by immigration authorities at one of his regular ICE check-in dates and placed in removal proceedings. (*Id.*). On March 24, 2026, Petitioner received a bond hearing at which the Immigration Judge denied bond based on lack of jurisdiction pursuant to section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) because he found that Petitioner was apprehended upon arrival in the United States and detained under section 235(b)(1) of the INA. (Id. at 8, 14); *see Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) (finding that immigration judge properly held that he lacked authority to hear

2

respondent's request for bond as respondent was applicant for admission and was subject to mandatory detention under section 235(b) of INA).

## III.

## LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  *See* U.S. Const., amend. V.  There is no question that these protections extend to noncitizens present in the United States.  *See, e.g., Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ."  *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  Indeed, the Due Process Clause provides both procedural and substantive protections.  *See, e.g., Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)).  To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the *Mathews* test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)).  Under

3

*Matthews*, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335; *see also id.* at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights." *Regino*, 133 F.4th at 959-60.  Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993).  By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted).  To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal quotation marks omitted).  With that careful description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." *Khachatryan v. Blinken*, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

# IV.

# ANALYSIS

As an initial matter, Respondents concede that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  (Dkt. No. 8 at 2.) On December 18, 2025, the court in *Maldonado Bautista* entered final judgment and granted declaratory relief to all members of the Bond Eligible Class.  *See Bautista v. Santacruz*, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in *Maldonado Bautista*, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  *Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  On February 18, 2026, the court in *Maldonado Bautista* granted a motion to enforce the declaratory judgment and vacated *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedures Act.  *See Bautista v. Santacruz*, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).

The declaratory judgment entered in *Maldonado Bautista* has "the force and effect of a final judgment or decree."  28 U.S.C. § 2201.  In other words, "a declaratory judgment is a real judgment, not just a bit of friendly advice."  *Badger Cath., Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010).  Thus, Respondents, as parties to *Maldonado Bautista*, are obligated to comply.  *See, e.g., Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."); *United*

5

*Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments."). Respondents offer no excuse for their failure to comply with the final judgment in *Maldonado Bautista*, particularly in light of binding precedent from the Supreme Court requiring compliance with declaratory judgments. *See, e.g.*, *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata." (internal quotation marks omitted)); id. ("This form of relief conclusively resolves the legal rights *of the parties*." (internal quotation marks omitted)).

On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in *Maldonado Bautista* "insofar as [it] extends beyond the Central District of California" pending a ruling on the Government's motion for a stay pending appeal. *Maldonado Bautista v. Dep't of Homeland Sec.*, No. 26-1044, Dkt. 5 at 1 (9th Cir. Mar. 6, 2026). Thus, the December 18, 2025 declaratory judgment remains effective and enforceable within the Central District of California. However, the Ninth Circuit also administratively stayed the February 18, 2026 Order enforcing the declaratory judgment and vacating *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 229 (BIA 2025). *Id.* at 2; *see also Maldonado Bautista v. Executive Office for Immigration Review*, No. 26-1044, Dkt. 17.1 at 4 (9th Cir. March 31, 2026).

Accordingly, the Court concludes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2). *See Maldonado Bautista*, 2025 WL 3678485, at *1. Moreover, Petitioner is entitled to an individualized bond hearing. *See id.* However, the undisputed record shows that when Petitioner received a bond hearing on March 24, 2026, the Immigration Judge denied Petitioner bond based on lack of jurisdiction pursuant to section 236(a) of the

INA because Petitioner was apprehended upon arrival and detained under section 235(b)(1) of the INA.  (Id. at 11); *see  Matter of Yajure Hurtado*, 29 I&N Dec. 216, 229 (BIA 2025).  This is contrary to Respondents' legal obligation to comply with the December 18, 2025 declaratory judgment in *Maldonado Bautista* and to the extent based on the Ninth Circuit's administrative stay of *Maldonado Bautista*, it misunderstands the scope of that stay.  As set forth above, the December 18, 2025 declaratory judgment in *Maldonado Bautista* has not been stayed within the Central District of California.

Thus, the Court must now determine the appropriate remedy to vindicate Petitioner's statutory and constitutional rights.  The Court is mindful that "[i]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (internal quotation marks omitted).  However, the undisputed facts here demonstrate that ordering another bond hearing that complies with the December 18, 2025 declaratory judgment in *Maldonado Bautista* would be futile.  In light of the Ninth Circuit's administrative stay of the *Maldonado Bautista* court's February 18, 2026 Order vacating *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 229 (BIA 2025), the Immigration Judge would be required to once again deny bond based on lack of jurisdiction.  *See Kun v. Janecka*, 2026 WL 931541, at *5 (C.D. Cal. Apr. 3, 2026) ("To the extent immigration judges consistently invoke *Hurtado* as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure would likely be futile.").  Thus, the Court concludes that immediate release from custody is the only means to provide complete relief to Petitioner for the violation of his statutory and constitutional rights.  *See id.*

Moreover, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  *See, e.g., Ixchop Perez v.*

*McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), *appeal dismissed sub nom. Perez v. McAleenan*, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)).  Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  *See, e.g., Carballo v. Andrews*, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

Finally, as to Petitioner's request for an award of attorneys' fees and costs, the Court will consider an application under the Equal Access to Justice Act requesting costs and reasonable attorneys' fees that is filed within 30 days of entry of final judgment in this action.  *See Rahimi v. Semaia*, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

8

**V.**

**CONCLUSION**

Based on the foregoing, the Court GRANTS the Petition as follows. Respondents shall immediately release Petitioner from custody without conditions.[1] Respondents shall also immediately return any confiscated property and documents to Petitioner upon his release.  Respondents shall not re-detain Petitioner without providing at least seven (7) days' notice and a pre-deprivation bond hearing.  The pre-deprivation bond hearing shall occur before an Immigration Judge at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  The Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard.  Respondents shall file a notice of compliance no later than **April 21, 2026**.

IT IS SO ORDERED.

DATED: April 17, 2026

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

---

[1] It is undisputed that Petitioner has resided in the United States since November 3, 2022, and in that time has never committed any crime and has followed all ICE check-in dates as ordered.  (Dkt. No. 1 at 2.)

9